JOSEPH CLEVELAND *v.* U.S. PRINTING INK, INC., ET AL.
(8381)

DUPONT, C. J., NORCOTT and FOTI, Js.

Argued February 15—decision released May 29, 1990

*John P. Clarkson,* with whom, on the brief, was *Robert E. Beach, Jr.,* for the appellants (defendants).

*Dennis A. Ferdon,* for the appellee (plaintiff).

DUPONT, C. J. The defendants appeal from the decision of the compensation review division affirming the workers' compensation commissioner's granting of the plaintiff's motion to preclude.

The plaintiff, a resident of New Jersey, is a truck driver employed by the named defendant, U.S. Printing Ink, Inc., a New Jersey corporation.[1] In March, 1986, the plaintiff was injured in Connecticut during the course of his employment. He requested and received workers' compensation benefits for this injury under the New Jersey Workers' Compensation Act, although no final award was made in that state.

In September, 1986, the plaintiff filed a claim for compensation under the Connecticut Workers' Compensation Act, General Statutes § 31-275 et seq. He provided the defendants with notice of his claim pursuant to General Statutes § 31-294. When the defendants failed to file notice of their intent to contest liability within twenty days of receipt of notice of the claim, as required by General Statutes § 31-297 (b), the plaintiff filed a motion to preclude the defendants from contesting liability or the extent of the plaintiff's disability. After the expiration of the twenty day period, the defendants mailed a notice of intent to contest to the commissioner alleging lack of subject matter jurisdiction. After an evidentiary hearing at which the plaintiff was the sole witness, the commissioner found that Connecticut had jurisdiction over the claim and granted the plaintiff's motion to preclude.[2] The commissioner's

[1] Traveler's Insurance Company, the employer's insurer, is also a defendant.

[2] The plaintiff received benefits under the New Jersey act of $284 per week for approximately six months. In his ruling on the plaintiff's motion to preclude, the commissioner found that the plaintiff would be entitled to the maximum rate of $397 per week in Connecticut. The plaintiff seeks the difference between the two in the current claim.

decision was upheld by the compensation review division, which found that the commissioner had properly found "sufficient Connecticut contacts within [the] employment status" to confer subject matter jurisdiction.

The defendants first claim that the commissioner failed to address their challenge to subject matter jurisdiction properly. That challenge is based on the lack of an employer-employee relationship as defined by General Statutes § 31-275 (5) and (6). The defendants correctly assert that they did not waive subject matter jurisdiction by failing to contest liability within the statutory period. General Statutes § 31-297 (b) provides in part: "Whenever liability to pay compensation is contested by the employer, he shall file with the compensation commissioner, on or before the twentieth day after he has received a written notice of claim, a notice . . . stating that the right to compensation is contested. . . . If the employer . . . fails to file the notice contesting liability within the time prescribed herein, the employer shall be conclusively presumed to have accepted the compensability of such alleged injury or death and shall have no right thereafter to contest the employee's right to receive compensation *on any grounds* or the extent of his disability." (Emphasis added.)

Although phrased in absolute language, the conclusive presumption of liability contained in § 31-297 (b) does not preclude the employer from challenging the commissioner's subject matter jurisdiction when the claim is based upon the absence of an employer-employee relationship. *Castro* v. *Viera,* 207 Conn. 420, 427, 541 A.2d 1216 (1988). Once the question of jurisdiction in a workers' compensation case is raised, the commissioner has the duty to resolve it fully before proceeding further with the case. Id., 434.

The commissioner in this case addressed the defendants' challenge to his jurisdiction at the hearing on the motion to preclude. The parties stipulated that the plaintiff had complied with the statutory requirements for filing the claim and that the defendants had not filed notice of intent to contest within the statutory period. The only issue on which the commissioner heard evidence was subject matter jurisdiction. He did not conclude, as the defendants suggest, that the defendants had waived their right to challenge jurisdiction by failing to comply with the statute. Rather, he granted the plaintiff's motion to preclude only after expressly concluding that subject matter jurisdiction existed. The real issue, then, is whether the commissioner's conclusion that jurisdiction existed was supported by the applicable law and the evidence.

The existence of an employer-employee relationship is a threshold requirement for the commissioner's jurisdiction. Id., 426. The defendants argue that the commissioner could not have found such a relationship because the named defendant is not an employer as defined by the act. General Statutes § 31-275 (5) defines a covered employee as "any person who has entered into or works under any contract of service or apprenticeship with an employer . . . ." Employer is defined in subsection (6) of the same section as "any person, corporation, firm, partnership, voluntary association, joint stock association, the state and any public corporation *within the state* using the services of one or more employees for pay . . . ." (Emphasis added.) The defendants essentially claim that all the entities listed in subsection (6) must be "within the state" in order to be covered employers within the act.

This argument fails on a plain reading of § 31-275 (6) and in light of existing case law. It is apparent from the language of subsection (6) that "within the state"

must have been intended to modify only "public corporations" and not the entire list of entities preceding it. See *Bristol* v. *Vogelsonger,* 21 Conn. App. 600, 604–605, 575 A.2d 252 (1990). A contrary reading would lead to the senseless result that "the state," as one of the listed entities, would be required to be "within the state." See *Texaco Refining & Marketing Co.* v. *Commissioner,* 202 Conn. 583, 595, 522 A.2d 771 (1987).

Moreover, the act has never been interpreted as an absolute bar to jurisdiction over claims involving foreign employers. Connecticut courts have long recognized the jurisdiction of the commissioner, under certain circumstances, to grant workers' compensation relief to employees of out-of-state employers. See, e.g., *Banks* v. *Howlett Co.,* 92 Conn. 368, 371, 102 A.2d 822 (1918); *Kennerson* v. *Thames Towboat Co.,* 89 Conn. 367, 381, 94 A. 372 (1915);[3] see also *LaVogue* v. *Cincinnati, Inc.,* 9 Conn. App. 91, 516 A.2d 151, cert. denied, 201 Conn. 814, 518 A.2d 72 (1986) (the compensation review division determined that there were sufficient contacts with Connecticut to give Connecticut jurisdiction over the plaintiff's employment relationship with an Ohio employer).

The defendants next claim that the commissioner and the compensation review division applied the wrong test in concluding that Connecticut had subject matter jurisdiction. They argue that the location of the execution of the employment contract rather than the situs of the accident should be controlling. The plaintiff asserts that the commissioner properly applied an interest analysis to determine jurisdiction.

In *Simaitis* v. *Flood,* 182 Conn. 24, 437 A.2d 828 (1980), the strict application of both the place-of-the-employment-contract rule and the place-of-the-injury

---

[3] The definition of employer in the statute in effect at the time that *Kennerson* and *Banks* were decided was identical to that in the current statute.

rule to resolve a choice of law problem was rejected. In *Simaitis,* the plaintiff and the defendant, both Connecticut residents employed by the same Connecticut employer, were injured in a car accident in Tennessee during the course of their employment. After receiving workers' compensation benefits in Connecticut, the plaintiff, who had been a passenger in the car, sued the defendant driver for negligence. The defendant argued that the Tennessee Workers' Compensation Act, which barred tort suits between fellow employees, should be applied.

After reviewing and rejecting both strict contract and tort choice of law theories as contrary to the policy of maximizing an employee's benefits and remedies, the court adopted the interest analysis set forth in *Thomas* v. *Washington Gas Light Co.,* 448 U.S. 261, 100 S. Ct. 2647, 65 L. Ed. 2d 757 (1980), as the proper choice of law theory in workers' compensation cases.[4] *Simaitis* v. *Flood,* supra, 32–33. The *Simaitis* court found that Connecticut had a clear and legitimate interest in compensating an injured resident to the fullest extent and in allowing the Connecticut employer to recover from the defendant amounts already paid to the plaintiff. The court also noted that while Tennessee clearly had an interest in compensating employees injured within its borders and could have compensated the plaintiff had she applied for workers' compensation benefits in Tennessee, its interest in limiting the liability of a Connecticut employer doing business in Tennessee was not controlling.[5] Id.

---

[4] In *Thomas* v. *Washington Gaslight Co.,* 448 U.S. 261, 286, 100 S. Ct. 2647, 65 L. Ed. 2d 757 (1980), the United States Supreme Court applied an "interest analysis" to determine that the full faith and credit clause did not preclude the District of Columbia from awarding supplemental workers' compensation benefits to an employee who had already received compensation in Virginia.

[5] *O'Connor* v. *O'Connor,* 201 Conn. 632, 519 A.2d 13 (1986), further extended the interest analysis adopted in *Simaitis* v. *Flood,* 182 Conn. 24, 437 A.2d 828 (1980), to cover choice of law in tort cases generally.

While *Simaitis* involved a conflict of laws problem rather than a question of subject matter jurisdiction, "the two usually coincide, since normally the rights created by the compensation act of one state cannot be enforced in another state." 4 Larson, Workmen's Compensation Law § 84, p. 16-1. In its review of the commissioner's decision, the compensation review division concluded that "subject matter jurisdiction in our worker's compensation forum should be determined on the basis of the interest analysis recommended by Professor Larson and Sec. 181 of the Restatement (Second), Conflict of Law."[6] We conclude that the commissioner was correct in applying an interest analysis to the facts of this case to determine the existence of subject matter jurisdiction.

The defendants also claim that even if an interest analysis should have been applied, the commissioner erroneously found that there were sufficient Connecticut contacts to establish jurisdiction. They argue that because the majority of contacts were with New Jersey, the fortuitous occurrence of an injury in Connecticut does not give this state a sufficient interest in compensating the plaintiff, and that New Jersey law should apply.

---

[6] Section 181 of the Restatement (Second) of Conflict of Laws provides.

"A State of the United States may consistently with the requirements of due process award relief to a person under its workmen's compensation statute, if

(a) the person is injured in the State, or

(b) the employment is principally located in the State, or

(c) the employer supervised the employee's activities from a place of business in the State, or

(d) the State is that of most significant relationship to the contract of employment with respect to the issue of workmen's compensation under the rules of §§ 187-188 and 196, or

(e) the parties have agreed in the contract of employment or otherwise that their rights should be determined under the workmen's compensation act of the State, or

(f) the State has some other reasonable relationship to the occurrence, the parties and the employment."

In a conflict of laws situation where a court must decide which state's law to apply, it must, based on the relevant contacts, determine which state has the most significant relationship to the occurrence and the parties. Restatement (Second), Conflict of Laws § 145; *O'Connor* v. *O'Connor,* 201 Conn. 632, 650–58, 519 A.2d 13 (1986). In determining whether the commissioner has jurisdiction over a workers' compensation claim, however, the relevant question is whether the forum state has a sufficient interest in compensating the plaintiff. See *Simaitis* v. *Flood,* supra, 32.

In his ruling on the motion to preclude, the commissioner found that both the plaintiff and the named defendant were domiciled in New Jersey, that the plaintiff had received workers' compensation benefits in New Jersey, that the plaintiff spent 30 to 45 percent of his work time in Connecticut, and that the plaintiff was injured in Connecticut during the course of his employment. He concluded that the plaintiff had "enough significant contacts with this State and that therefore Connecticut has an interest in applying its statutes for the protection of working men injured within its borders."

The commissioner has the power and the duty to determine the facts. *Fair* v. *People's Savings Bank,* 207 Conn. 535, 539, 542 A.2d 1118 (1988). " 'The conclusions drawn by him from the facts found must stand unless they result from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them.' " Id.; *Castro* v. *Viera,* supra, 440; *Adzima* v. *UAC/Norden Division,* 177 Conn. 107, 117–18, 411 A.2d 924 (1979).

It is clear that the interests of New Jersey and Connecticut in compensating the plaintiff coincide. See *Simaitis* v. *Flood,* supra, 32. New Jersey has no legitimate interest in preventing Connecticut from sup-

plementing the compensation received by the plaintiff in New Jersey. *Thomas* v. *Washington Gas Light Co.,* supra, 280; *Simaitis* v. *Flood,* supra.

We conclude that the commissioner correctly applied the law, that the facts sufficiently support his decision,[7] and that the compensation review division correctly affirmed that decision.

The defendants finally claim that venue was improper. This claim was presented for the first time on appeal to the compensation review division, which found that it lacked merit. "Venue requirements are created for the convenience of the litigants and may be waived by failure to assert the statutory privilege in a timely fashion." *State* v. *Orsini,* 187 Conn. 264, 269, 445 A.2d 887, cert. denied, 459 U.S. 861, 103 S. Ct. 136, 74 L. Ed. 2d 116 (1982); 77 Am. Jur. 2d, Venue § 45. Subject matter jurisdiction, which cannot be waived, must be distinguished from venue. *State* v. *Orsini,* supra. The defendants' failure to file notice of intent to contest the plaintiff's claim within the time period required by General Statutes § 31-297 (b) amounted to a waiver of their claim of improper venue. We decline, therefore, to review the claim on its merits.

There is no error.

In this opinion the other judges concurred.

---

[7] The defendants sought additions to the commissioner's findings in a motion to correct, and now appeal the denial of that motion. The requested additions consisted primarily of specific New Jersey contacts. As we noted previously, the commissioner was not charged with determining which state had the *most* contacts, but rather with whether Connecticut had *sufficient* contacts. The requested additions were unnecessary to this determination and the commissioner did not err in denying the motion to correct.