MARY FREEMAN *v.* HULL DYE AND PRINT,
INC., ET AL.
(13736)

Spear, Hennessy and Cretella, Js.

Argued September 25—decision released November 21, 1995

---

*Lindalea P. Ludwick*, with whom, on the brief, was *David A. Shaw*, for the appellant (plaintiff).

*John J. Sheedy*, for the appellee (defendant Michigan Mutual Insurance Company).

*Robert C. Pinciaro*, with whom, on the brief, was *Kevin J. Maher*, for the appellee (defendant Chubb Group of Insurance Companies).

*Robert F. Carter* and *Joram Hirsch* filed a brief for the Connecticut Trial Lawyers Association as amicus curiae.

HENNESSY, J. This appeal comes before this court on essentially two issues: (1) whether the compensation review board (board) properly dismissed the plaintiff's appeal because she had failed to assert a claim for dependent's benefits pursuant to General Statutes (Rev. to 1991) § 31-294,[1] and (2) whether the board properly

---

[1] General Statutes (Rev. to 1991) § 31-294 provides in pertinent part: "(a) . . . . No proceedings for compensation under the provisions of this chapter shall be maintained unless a written notice of claim for compensation is given within one year of the date of the accident or within three years from the first manifestation of a symptom of the occupational disease, as the case may be, which caused the personal injury, provided, if death has resulted within two years from the date of the accident or the first manifestation of a symptom of the occupational disease, a dependent or dependents, or the legal representative of the deceased employee, may make claim for compensation within such two-year period or within one year from the date of death, whichever is later. . . .

"(b) If there has been a hearing or a written request for a hearing or an assignment for a hearing within said one-year period from the date of the accident or within said three-year period from the first manifestation of a symptom of the occupational disease, as defined herein as the case may be, or if a voluntary agreement has been submitted within the applicable

dismissed the plaintiff's appeal because she failed to file a timely appeal to the board pursuant to General Statutes § 31-301 (a).[2] Because the board did not make the necessary factual determinations to resolve the timeliness issue, we remand the case without considering the substantive issue.

The following facts are relevant to this appeal. Mary Freeman (Freeman), widow of Edward Freeman, claimed dependent benefits as a result of her husband's work related death from cancer. Edward Freeman (decedent) was diagnosed with cancer on November 16, 1986, and filed a timely claim for workers' compensation benefits. He died on April 4, 1989.

Freeman asserts that she is due dependent benefits as a result of the decedent's death. On September 14, 1992, the workers' compensation commissioner dismissed Freeman's claim for dependent's benefits, finding that Freeman had neither asserted a claim nor requested a hearing on her own behalf within the time parameters set forth in § 31-294 (a). Freeman filed an appeal with the board on September 25, 1992. The board

period, or if within the applicable period an employee has been furnished, for the injury with respect to which compensation is claimed, with medical or surgical care as hereafter provided in this section, no want of such notice of claim shall be a bar to the maintenance of proceedings and in no case shall any defect or inaccuracy of such notice of claim be a bar to the maintenance of proceedings unless the employer shows that he was ignorant of the facts concerning such personal injury and was prejudiced by the defect or inaccuracy of such notice."

[2] General Statutes § 31-301 (a) provides: "At any time within ten days after entry of an award by the commissioner, after a decision of the commissioner upon a motion or after an order by the commissioner according to the provisions of section 31-299b, either party may appeal therefrom to the Compensation Review Board by filing in the office of the commissioner from which the award or the decision on a motion originated an appeal petition and five copies thereof. The commissioner within three days thereafter shall mail the petition and three copies thereof to the chief of the Compensation Review Board and a copy thereof to the adverse party or parties."

dismissed her appeal on two grounds: (1) that a spouse cannot rely on a claim filed by a decedent to satisfy the notice requirements of § 31-294 (a); and (2) that Freeman did not timely file her appeal with the board pursuant to § 31-301 (a).

Section 31-301 (a) provides that "[a]t any time within ten days after entry of an award by the commissioner . . . either party may appeal therefrom to the Compensation Review Board," and General Statutes § 31-300 provides that "[i]f no appeal from [the commissioner's] decision is taken by either party within ten days thereafter, such award shall be final and may be enforced in the same manner as a judgment in the superior court." This court recently held that the ten day appeal period set forth in § 31-301 (a) "begins to run on the day on which the party wanting to appeal is sent meaningful notice of the commissioner's decision." *Conaci* v. *Hartford Hospital*, 36 Conn. App. 298, 303, 650 A.2d 613 (1994). In *Conaci*, the appellants challenged the board's finding that their appeal was jurisdictionally defective because the appellants had allegedly failed to file their appeal with the board within the time prescribed by § 31-301 (a). We remanded *Conaci* for a determination of the date on which notice of the commissioner's decision was sent to the parties and, based on that finding, a proper assessment of whether the appeal was timely.

Once the board determines that an appeal is untimely it no longer has jurisdiction to address any remaining substantive claim. *Chieppo* v. *Robert E. McMichael, Inc.*, 169 Conn. 646, 648, 363 A.2d 1085 (1975); *Chzrislonk* v. *New York, N. H. & H. R. Co.*, 101 Conn. 356, 358, 125 A. 874 (1924) (action dismissing untimely workers' compensation appeal); *Wheeler* v. *New York, N. H. & H. R. Co.*, 71 Conn. 270, 282, 41 A. 808 (1898) (cited in *Chzrislonk*). In *Chieppo*, the appellant erroneously brought its appeal from a commissioner's award to the Superior Court rather than the Court of Common Pleas

resulting in a late filing of the appeal.[3] *Chieppo* v. *Robert E. McMichael, Inc.*, supra, 648. As a result of the error, the Court of Common Pleas dismissed the appeal for lack of jurisdiction. Id. Our Supreme Court affirmed that decision. Id., 654.

The present case is analogous to *Conaci* because in both cases the board dismissed the appeal on the basis of an improper determination of the timeliness issue. While the board considered the substantive issues in this case, it is improper for us to review those issues because the dismissal on timeliness grounds stripped the board of the authority to address the substantive issue ab initio. Id., 648; *Chzrislonk* v. *New York, N. H. & H. R. Co.*, supra, 101 Conn. 358. We hold, therefore, that the board must determine the date on which notice of the commissioner's decision was sent to the parties to assess properly whether the plaintiff's appeal was timely. See *Conaci* v. *Hartford Hospital*, supra, 36 Conn. App. 304.

The decision of the compensation review board is reversed and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.

---

[3] General Statutes (Rev. to 1973) § 31-301 formerly provided that parties appeal commissioner's awards to the Court of Common Pleas. Public Acts 1979, No. 79-540, § 3, amended § 31-301 to provide that appeals be taken to the compensation review division and Public Acts 1991, No. 91-339, § 20, amended § 31-301 to its current state which provides that appeals be taken to the compensation review board.