### JAMES CYR *v.* DOMINO'S PIZZA ET AL.
### (AC 15695)

Dupont, C. J., and Heiman and Freedman, Js.

Argued January 17—officially released May 20, 1997

*Mark Shapera*, with whom, on the brief, was *Steven H. St. Clair*, for the appellant (Steven H. St. Clair).

*Holly Abery-Wetstone*, with whom, on the brief, was *Doris B. D'Ambrosio*, for the appellee (Lawrence Brick).

*Opinion*

FREEDMAN, J. The plaintiff's attorney Steven H. St. Clair appeals from the decision of the compensation review board of the workers' compensation commission dismissing his appeal to that board. On appeal to this court,[1] St. Clair claims that the review board improperly determined that his appeal was jurisdictionally defective because it was not timely filed pursuant to General Statutes § 31-301 (a).[2] He further asserts that the workers' compensation commissioner was without jurisdiction to enter the orders that he entered.

The following facts, as found by the commissioner and adopted by the review board, are relevant to this appeal. Attorney Lawrence S. Brick represented the plaintiff, James Cyr, in a workers' compensation claim that arose out of an injury that Cyr sustained on February 26, 1990, in the course of his employment. Through Brick's efforts, Cyr received an award of $23,000 and the commissioner approved a legal fee for Brick in the amount of 20 percent of the award, to which Cyr agreed. On January 7, 1994, the insurer sent a settlement check to Brick. Brick turned the entire check over to Cyr. Although Cyr had agreed to pay the legal fees once the

[1] General Statutes § 31-301b provides: "Any party aggrieved by the decision of the Compensation Review Board upon any question or questions of law arising in the proceedings may appeal the decision of the Compensation Review Board to the Appellate Court."

[2] General Statutes § 31-301 (a) provides in pertinent part: "At any time within ten days after entry of an award by the commissioner, after a decision of the commissioner upon a motion or after an order by the commissioner according to the provisions of section 31-299b, either party may appeal therefrom to the Compensation Review Board . . . . "

settlement check cleared, he did not do so. Instead, Cyr hired St. Clair and placed the legal fees in an escrow account at the advice of St. Clair. St. Clair contacted Brick and asked him to explain the basis of his fees. Brick did so and informed St. Clair that the fee had been approved by a commissioner. Despite receiving detailed and comprehensive explanations, Cyr did not pay Brick, and Brick requested an informal hearing to resolve the issue. The day before the hearing, St. Clair informed the commissioner and Brick that he would not attend due to scheduling conflicts. St. Clair did not respond to the commissioner's telephone calls on the day of the hearing and did not answer a letter written by the commissioner. A properly noticed hearing was held two weeks later, and, despite the notice to Cyr and St. Clair, no one appeared on Cyr's behalf.

By decision dated August 15, 1994, the commissioner concluded that the failure to pay the legal fees without an explanation amounted to an inexcusable and unreasonable delay. He ordered Cyr to pay $4600 to Brick within ten days of the order, together with interest at the rate of 12 percent from the date that the original settlement check was received by Brick. He further found that the conduct of St. Clair was unconscionable and unbecoming an officer of the court and a member of the Connecticut bar. On the basis of that finding, the commissioner ordered St. Clair to pay Brick $2500 in attorney's fees together with interest at the rate of 12 percent from the date of the order if payment was not made within ten days of the order. The commissioner further recommended that Brick file a complaint against St. Clair with the Connecticut statewide grievance committee.

On October 5, 1994, St. Clair appealed the commissioner's August 15 decision to the review board, claiming that (1) the commissioner had no statutory authority to enter the orders as to him, (2) he was not provided

adequate notice of the subject matter of the hearing as it related to his behavior, (3) he had no appearance in the case on behalf of Cyr, and (4) there was insufficient evidence to sustain the commissioner's findings regarding communications between Brick and St. Clair as to the fees.[3] Brick filed an objection to the appeal on the ground that it was untimely. The review board determined that the appeal was untimely and found that its ruling on the timeliness issue divested the board of jurisdiction over the remaining claims of error. The review board dismissed the appeal. This appeal followed.

"Section 31-301 (a) provides that '[a]t any time within ten days after entry of an award by the commissioner . . . either party may appeal therefrom to the Compensation Review Board,' and General Statutes § 31-300 provides that '[i]f no appeal from [the commissioner's] decision is taken by either party within ten days thereafter, such award is final and may be enforced in the same manner as a judgment in the superior court.' " *Freeman* v. *Hull Dye & Print, Inc.*, 39 Conn. App. 717, 720, 667 A.2d 76 (1995). "Once the board determines that an appeal is untimely it no longer has jurisdiction to address any remaining substantive claim." Id.

In *Chieppo* v. *Robert E. McMichael, Inc.*, 169 Conn. 646, 363 A.2d 1085 (1975), the defendants erroneously appealed to the Superior Court from the decision of the compensation commissioner rather than to the Court of Common Pleas.[4] The Superior Court thereafter granted

---

[3] Specifically, St. Clair claimed in his appeal that there was insufficient evidence to sustain the findings set forth in paragraphs ten and eleven of the commissioner's decision. These paragraphs provide:

"10. Attorney Brick through correspondence and phone conversations adequately explained his basis for fees, and that Commissioner Spain had already approved the fee.

"11. Despite comprehensive and detailed explanations from February until May, 1994, no legal fees were paid nor was any explanation offered by Attorney St. Clair or Mr. Cyr regarding failure to pay approved legal fees."

[4] "General Statutes (Rev. to 1973) § 31-301 formerly provided that parties appeal commissioner's awards to the Court of Common Pleas. Public Acts

the defendants' motion to transfer the appeal to the Court of Common Pleas. The Court of Common Pleas, however, found that it was without jurisdiction to consider the appeal because the defendants had not complied with the provisions of § 31-301. In upholding the dismissal of the defendants' appeal, the Supreme Court stated that "[t]he order of the Superior Court transferring the appeal to the Court of Common Pleas was without effect. Under § 164 of the Practice Book, the Superior Court may order the transfer of a pending cause to the Court of Common Pleas. As the appeal was taken to the wrong court, the Superior Court was without jurisdiction and was powerless to make any transfer. . . . That the plaintiff may have filed a general appearance in the Superior Court is of no moment. The defect is in the jurisdiction over the subject matter, not in the jurisdiction over either the person or the process, and, as such, it is a matter of law and can be neither waived nor conferred by consent." (Citations omitted.) Id., 650–51.

Here, we conclude that the review board properly dismissed St. Clair's appeal because of lack of subject matter jurisdiction. The commissioner's finding and award was dated August 15, 1994. St. Clair's petition for review was filed on October 5, 1994, more than ten days from the date of the commissioner's decision. Because the petition for review was untimely, the review board was without jurisdiction to address any remaining substantive claim.[5] See *Freeman* v. *Hull*

1979, No. 79-540, § 3, amended § 31-301 to provide that appeals be taken to the compensation review division and Public Acts 1991, No. 91-339, § 20, amended § 31-301 to its current state which provides that appeals be taken to the compensation review board." *Freeman* v. *Hull Dye & Print, Inc.*, supra, 39 Conn. App. 721 n.3.

[5] In an affidavit filed by St. Clair, he states that he received notice of the August 15, 1994 decision on September 29, 1994. As we stated in *Conaci* v. *Hartford Hospital*, 36 Conn. App. 298, 303, 650 A.2d 613 (1994), however, "the proper interpretation of the limitation period contained in General Statutes § 31-301 (a) is that the ten day period begins to run on the day

*Dye & Print, Inc.*, supra, 39 Conn. App. 720; see also
*Chieppo* v. *Robert E. McMichael, Inc.*, supra, 169
Conn. 650–51.

The decision of the workers' compensation review
board is affirmed.

In this opinion the other judges concurred.

on which the party wanting to appeal is sent meaningful notice of the
commissioner's decision." In *Conaci*, we further "decline[d] to adopt the
plaintiff's position that the appeal period commences when notice of the
appealable decision is received" because "[s]uch a holding would create
undue delay and difficulties in proving receipt by the party wanting to
appeal." Id., 303. Rather, we stated in *Conaci* that "[i]mplementation and
application of our holding relies . . . on the records of the commission as
to when notice is sent." Id., 303–304.

The review board noted in its decision that, according to the record,
notice of the decision was attempted by certified mail to 816 N. Pleasant
Street, Amherst, Massachusetts 01002 on August 16 and August 20, 1994.
The certified letter containing the decision was returned to the office of
the first district of the workers' compensation commission unclaimed on
August 31, 1994. The review board further stated that "[t]he testimony of
Brick and the commissioner's own statements demonstrate that St. Clair
was well aware of the informal and formal hearings in May, 1994, even
though he did not attend. He was therefore responsible for making sure
that the commission knew where to send notice of its decision. The address
on the envelope was the same one that St. Clair had provided the commission
several months earlier, and there is no evidence in the record to suggest
that it was incorrect at the time of the finding and award."

The review board therefore held that meaningful notice of the finding
and award was sent on August 15, 1994, and that the notice met the require-
ments of General Statutes § § 31-301 (a) and 31-321.