### LAWRENCE S. BRICK *v.* JAMES CYR ET AL.
### (AC 17710)

Spear, Sullivan and Spallone, Js.

Argued December 14, 1998—officially released February 2, 1999

*Mark Shapera,* with whom, on the brief, was *Steven H. St. Clair,* pro se, for the appellant (defendant).

*Holly Abery-Wetstone,* with whom were *Lawrence S. Brick,* pro se, and, on the brief, *Linda C. Lehmann,* for the appellee (plaintiff).

### Opinion

SPALLONE, J. The defendant Steven H. St. Clair appeals from a summary judgment rendered in favor of the plaintiff. St. Clair claims that (1) the trial court lacked jurisdiction to enforce a workers' compensation commissioner's (commissioner) finding and award of counsel fees and interest assessed against St. Clair, (2) the trial court improperly denied St. Clair's motion to dismiss the plaintiff's application to confirm the commissioner's award of attorney's fees and interest and (3) the commissioner lacked jurisdiction to intervene and conduct informal and formal hearings four months after the commissioner's approval of a full and final settlement that included the reasonableness of the plaintiff's attorney's fees. The subject matter of this appeal was previously before this court. See *Cyr* v. *Domino's Pizza,* 45 Conn. App. 199, 201–202, 695 A.2d 29 (1997).

The relevant facts are as follows. The plaintiff attorney, Lawrence S. Brick, represented James Cyr in a workers' compensation claim that arose out of an injury that Cyr sustained on February 26, 1990, in the course

of his employment. Through Brick's efforts, Cyr received an award of $23,000 and the commissioner approved a legal fee for Brick in the amount of 20 percent of the award, to which Cyr agreed. On January 7, 1994, the insurer sent a settlement check to Brick. Brick turned the entire check over to Cyr. Although Cyr had agreed to pay the legal fees once the settlement check cleared, he did not do so. Instead, Cyr hired a new attorney, St. Clair, and placed the legal fees in an escrow account on St. Clair's advice. St. Clair contacted Brick and asked him to explain the basis for his fee. Brick did so and informed St. Clair that the fee had been approved by the commissioner. Despite receiving detailed and comprehensive explanations, Cyr did not pay Brick, and Brick requested an informal hearing to resolve the issue. The day before the hearing, St. Clair informed the commissioner and Brick that he would not attend due to scheduling conflicts. St. Clair did not respond to the commissioner's telephone calls on the day of the hearing or to a letter written by the commissioner. A properly noticed hearing was held two weeks later, and, despite the notice to Cyr and St. Clair, no one appeared on Cyr's behalf.

In a decision dated August 15, 1994, the commissioner concluded that the failure to pay the legal fees without an explanation amounted to an inexcusable and unreasonable delay. He ordered Cyr to pay $4600 to Brick within ten days of the order, together with interest at the rate of 12 percent from the date that the original settlement check was received by Brick. He further found that St. Clair's conduct was unconscionable and unbecoming an officer of the court and member of the Connecticut bar. On the basis of that finding, the commissioner ordered St. Clair to pay Brick $2500 in attorney's fees together with interest at the rate of 12 percent from the date of the order if payment was not made within ten days of the order. The commissioner

further recommended that Brick file a complaint against St. Clair with the statewide grievance committee.

On October 6, 1994, St. Clair appealed to the workers' compensation review board (board) from the commissioner's August 15, 1994 decision claiming that (1) the commissioner had no statutory authority to enter the orders as to him, (2) he was not provided adequate notice of the subject matter of the hearing as it related to his behavior, (3) he had no appearance in the case on behalf of Cyr and (4) there was insufficient evidence to sustain the commissioner's findings regarding communications between Brick and St. Clair as to the fees. Brick filed an objection to the appeal on the ground that it was untimely. The board determined that the appeal was untimely and found that its ruling on the timeliness issue divested the board of jurisdiction over the remaining claims of error. The board dismissed the appeal. This court upheld the decision of the board. Id., 199.

Subsequently, the plaintiff sought entry of judgment of the commissioner's finding and award in the trial court in order to enforce the finding and award in Massachusetts, the resident state of St. Clair. St. Clair filed a motion to dismiss the plaintiff's request for judgment claiming that the trial court lacked subject matter jurisdiction. The plaintiff filed a motion for summary judgment. After refusing to dismiss the plaintiff's action, the trial court rendered judgment in favor of the plaintiff. This appeal followed.

We hold that the commissioner had no jurisdiction to impose any sanctions against St. Clair. The trial court should have decided the issue of jurisdiction in favor of St. Clair. The commissioner's authority to act is defined by statute. The power of the commissioner to hold hearings is confined to three situations. First, in the case of voluntary agreements reached by the parties

and approved by the commissioner, the employee may request a hearing upon notification that the employer intends to reduce or discontinue payments. General Statutes § 31-296. After such a hearing, § 31-296 permits the commissioner to require the employer to pay to the employee the amount reduced or discontinued plus interest on said amount and a reasonable attorney's fee if he finds such reductions or discontinuances were made without his approval. Second, where no voluntary agreement is reached, General Statutes § 31-297 authorizes the commissioner to hear claims regarding the employer's liability and to make awards. Finally, General Statutes § 31-297a allows the commissioner to hold informal hearings with regard to compensation under the provisions of chapter 568.

No statute authorizes the commissioner to award attorney's fees to an employee's prior attorney payable by a subsequent attorney for the same employee. In this case, the status of the subsequent attorney is not clear. Although he advised the employee as to the counsel fees, he never filed an appearance before the commissioner.

We hold that the statutory scheme outlining the powers of the commissioner anticipates a role as to determining liability and making awards as between employer and employee. The commissioner's jurisdiction is "confined by the [Workers' Compensation Act] and limited by its provisions." (Internal quotation marks omitted.) *Castro* v. *Viera*, 207 Conn. 420, 426, 541 A.2d 1216 (1988).

In this matter, the commissioner approved the attorney's fees payable by the employee to his attorney in the amount of 20 percent of the award payable by the employer. Whether the commissioner may order the employee to pay his attorney is not before us. Rather, the question to be resolved is whether a workers' compensation commissioner may sanction a subsequent

attorney for the employee for consultations concerning the payment of attorney's fees previously approved by the commissioner. We hold that the commissioner cannot.

Nothing in chapter 568 authorizes a commissioner to assess attorney's fees, by way of sanctions, in favor of the attorney whose fees were approved by the commissioner, against a subsequent attorney who was consulted by the employee. The commissioner was without jurisdiction to award such fees. Thus, the trial court should have granted St. Clair's motion to dismiss the plaintiff's action to enforce the commissioner's award. Our holding here is dispositive of the appeal.

The judgment against Steven H. St. Clair is reversed and the case is remanded with direction to dismiss the application to confirm as against the defendant Steven H. St. Clair.

In this opinion the other judges concurred.