RICHARD STEC ET AL. *v.* RAYMARK
INDUSTRIES, INC., ET AL.
(AC 29346)

Gruendel, Lavine and West, Js.

Argued December 3, 2008—officially released April 28, 2009

*J. Sarah Posner*, assistant attorney general, with whom were *Philip M. Schulz*, assistant attorney general, and, on the brief, *Richard Blumenthal*, attorney general, and *William J. McCullough*, assistant attorney general, for the appellant (defendant second injury fund).

*Lucas D. Strunk*, for the appellee (defendant Hartford Insurance Group).

*Eric L. Sussman*, for the appellee (defendant General Reinsurance Corporation).

*Christopher Meisenkothen*, for the appellee (plaintiff June Stec).

*Joseph J. Passaretti, Jr.*, with whom, on the brief, was *Eric W. Schoenberg*, for the appellee (defendant Connecticut Insurance Guaranty Association).

*David J. Weil*, for the appellee (defendant National Union Fire Insurance Company).

*Opinion*

GRUENDEL, J. This case calls on us to address an unresolved area of workers' compensation procedure. Specifically, we must determine whether the filing of an appeal from the decision of a compensation commissioner to the workers' compensation review board (board) outside of the statutory time period for filing such an appeal deprives the board of subject matter jurisdiction. Put another way, we must decide whether an appellee can waive timeliness of filing a workers' compensation appeal.

In *Dechio* v. *Raymark Industries, Inc.*, 114 Conn. App. 58, 968 A.2d 450 (2009), also decided today, we held that a party to a workers' compensation action that has participated fully in the proceedings that resulted in the issuance of a finding and award by the commissioner must appeal to the board from that finding and award rather than from any subsequent order. Because the appeal to the board in *Dechio* was filed more than twenty days after the applicable finding and award was issued, we concluded that the appeal was not timely under General Statutes § 31-301 (a) and affirmed the board's dismissal of the appeal. The present case involves the same defendants and the same underlying issue—the appellant filed its appeal outside of the twenty day period set forth in § 31-301 (a). This case differs from *Dechio*, however, in that the appellee in the present case did not file a timely motion to dismiss the appeal. But for this difference, the two cases would command the same result.

Because there was no timely motion to dismiss the appeal, we must determine whether the time limitation on filing an appeal set forth in § 31-301 (a) implicates the board's subject matter jurisdiction to hear the appeal or if that time limitation is waivable by the parties. The board concluded that the timeliness of an appeal *does* implicate its subject matter jurisdiction and thus dismissed the untimely appeal for want of jurisdiction. We disagree with the board's holding and conclude that failure to file an appeal from a commissioner's finding and award in a timely manner does not deprive the board of subject matter jurisdiction. We therefore reverse the decision of the board dismissing the appeal.

The facts underlying this case are largely undisputed. In 1986, the plaintiffs, Richard Stec, now deceased, and June Stec, his surviving spouse, filed a workers' compensation claim alleging that the decedent contracted lung cancer as a result of exposure to asbestos during the course of his employment with the defendant Raymark Industries, Inc. (Raymark).[1] Raymark has been in bankruptcy proceedings since 1986, and the defendant second injury fund (fund)[2] was cited in as a party to the workers' compensation claim because of its potential liability pursuant to General Statutes § 31-355.

Hearings were held before the compensation commissioner between 2002 and 2005, and on October 3, 2005, the commissioner issued a finding and award. In that finding and award, the commissioner found, inter

---

[1] Raymark was formerly known as Raybestos-Manhattan, Inc.

[2] In addition to Raymark and the fund, the other defendants are the insurers that might have been liable for payment of the workers' compensation claim: General Reinsurance Corporation, National Union Fire Insurance Company, The Hartford Insurance Group, Connecticut Insurance Guaranty Association and Zurich North America. The fund is the only appellant in the present appeal. All other parties, both plaintiffs and defendants, are adverse to the fund.

alia, that Richard Stec "sustained a compensable work-related lung injury as a result of being exposed to asbestos while working for [Raymark]," and that such injury led to his disability and ultimate death. The commissioner also found that he was "precluded from issuing an award against the second injury fund . . . because an order must first issue against [Raymark] as the employer of record. An order cannot issue against [Raymark] because of its bankruptcy status." The finding and award went on to indicate that if relief from the automatic bankruptcy stay were to be issued by the Bankruptcy Court, the commissioner would entertain requests for orders against both Raymark and the fund.[3]

Subsequent to that October 3, 2005 finding and award, the Bankruptcy Court issued relief from the automatic stay in the Raymark bankruptcy case. Thereafter, on September 29, 2006, the commissioner issued a new finding and award ordering Raymark to pay "all the chapter 568 benefits noted in the October 3, 2005 finding and award." On October 25, 2006, the commissioner issued an order to the fund for payment of the benefits under the October 3, 2005 finding and award.

The fund appealed to the board on November 13, 2006. National Union Fire Insurance Company, a defendant and appellee in this case, filed a motion to dismiss the appeal on December 5, 2006, claiming that the fund was required to appeal to the board within twenty days of the October 3, 2005 finding and award. In response, the fund argued that the appeal was timely, as it was

---

[3] Section 362 (a) of title 11 of the United States Code provides that the filing of a bankruptcy petition with the Bankruptcy Court "operates as a stay, applicable to all entities, of . . . the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the [bankruptcy case], or to recover a claim against the debtor that arose before the commencement of [the bankruptcy case]." The Bankruptcy Court, however, has the power to grant relief from the automatic stay. See 11 U.S.C. § 362 (d) through (g).

filed within twenty days of the issuance of the October 25, 2006 order. It also argued that the motion to dismiss the appeal was filed outside of the ten day period in which such motions must be filed pursuant to Practice Book § 66-8, thereby waiving the issue of timeliness. The board dismissed the appeal for lack of subject matter jurisdiction, holding that the appeal was filed late and that a motion to dismiss for lack of subject matter jurisdiction may be filed at any time. The fund appeals to this court from that dismissal.

In light of our holding in *Dechio* v. *Raymark Industries, Inc.*, supra, 114 Conn. App. 58, the dispositive issue on appeal is whether the failure to file an appeal to the workers' compensation review board within the twenty day period set forth in § 31-301 (a) deprives the board of its subject matter jurisdiction or whether timely filing may be waived by the parties. "Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong." (Internal quotation marks omitted.) *Ambroise* v. *William Raveis Real Estate, Inc.*, 226 Conn. 757, 764–65, 628 A.2d 1303 (1993). "[A] subject matter jurisdictional defect may not be waived . . . [or jurisdiction] conferred by the parties, explicitly or implicitly. . . . [T]he question of subject matter jurisdiction is a question of law . . . ." (Internal quotation marks omitted.) *State* v. *Daly*, 111 Conn. App. 397, 401, 960 A.2d 1040 (2008). Once the board's subject matter jurisdiction over an appeal is questioned, either by a party or by the board itself, the jurisdictional question must be resolved before the board may address the substantive issues presented by the appeal. See id.; *Cleveland* v. *U.S. Printing Ink, Inc.*, 21 Conn. App. 610, 612, 575 A.2d 257 (1990), aff'd, 218 Conn. 181, 588 A.2d 194 (1991). "The question of subject matter jurisdiction may be raised at any time." (Internal

quotation marks omitted.) *Remax Right Choice* v. *Aryeh*, 100 Conn. App. 373, 377, 918 A.2d 976 (2007).

These established precepts indicate that if filing a late appeal from the compensation commissioner's finding and award implicates the board's subject matter jurisdiction over the appeal, then the timeliness of the appellee's motion to dismiss would be immaterial. If, conversely, the failure to file a timely appeal does not implicate subject matter jurisdiction, the board would have discretion to hear a late appeal if it is not the subject of a timely motion to dismiss. This issue is complicated by decades of imprecise and inconsistent precedent and by numerous amendments to the statute governing the appeal period. As such, we must analyze the case law and the history of the statute to resolve the question before us.

I

HISTORY AND PRECEDENT

The General Assembly passed Connecticut's first workers' compensation statute in 1913. Public Acts 1913, No. 138. At that time in our history, "[t]he almost universal introduction of machinery, with its peculiar dangers" necessitated a change in the common-law approach to compensating injured employees. Report, Conn. State Comm'n on Compensation for Industrial Accidents, p. 3 (1912). The pressure to introduce a comprehensive workers' compensation statute was part of a growing movement. Jurisdictions around the country were passing workers' compensation legislation for the first time—substantially all statutes on the subject in the United States had been in effect for fewer than three years. Id., p. 2. "Under the statute, the employee surrenders his right to bring a common law action against the employer, thereby limiting the employer's liability to the statutory amount. . . . In return, the employee is compensated for his or her losses without

having to prove liability. . . . The intention of the framers of the [Workers' Compensation Act, General Statutes § 31-275 et seq. (act)] was to establish a *speedy*, effective and inexpensive method for determining claims for compensation." (Citation omitted.) *Doe* v. *Yale University*, 252 Conn. 641, 672, 748 A.2d 834 (2000). Although the act has been amended and rewritten on numerous occasions; see, e.g., Public Acts 1961, No. 491; Public Acts 1972, No. 108; Public Acts 1979, No. 79-540; Public Acts 2001, No. 01-22; much of its purpose, spirit and language, particularly in the area of appeals from a commissioner's finding and award, have remained largely unchanged.

Section twenty-seven of the original 1913 act, which was codified as § 5366 of the General Statutes, provides in relevant part: "At any time within ten days after entry of such finding and award by the commissioner either party may appeal therefrom to the superior court for the county in which the injury was sustained. . . ." In *Murphy* v. *Elms Hotel*, 104 Conn. 351, 133 A. 106 (1926), our Supreme Court was called upon to construe § 5366, the predecessor to § 31-301. In *Murphy*, the court addressed whether the trial court properly dismissed a late appeal from the finding and award of a compensation commissioner, despite a defect in the appellee's motion to dismiss the appeal. The Supreme Court held that "failure to take the appeal [from a finding and award by the commissioner] within the ten-day period did not make the appeal void, but merely voidable." *Murphy* v. *Elms Hotel*, supra, 353. It concluded that "[t]he motion to dismiss the appeal because not seasonably taken should have been denied." Id., 354. This language illustrates that the provision limiting the time period in which a party may appeal from the commissioner's finding and award may be waived by the parties. Therefore, *Murphy* stands for the proposition that the statutory time period for appealing from the finding

and award of a workers' compensation commissioner cannot be construed to limit the subject matter jurisdiction of the reviewing tribunal. Cf. *Dowling* v. *Slotnik*, 244 Conn. 781, 877, 712 A.2d 396 ("the requirement of subject matter jurisdiction cannot be waived by any party" [internal quotation marks omitted]), cert. denied sub nom. *Slotnik* v. *Considine*, 525 U.S. 1017, 119 S. Ct. 542, 142 L. Ed. 2d 451 (1998).

Although *Murphy* has never been overturned by our Supreme Court,[4] the applicable section of the workers' compensation statute, now General Statutes § 31-301, has been amended many times. For example, the entire workers' compensation scheme was reorganized in 1961. That amendment changed the textual organization of the statute, though much of the underlying procedure and law remained unchanged. See Public Acts 1961, No. 491. In another example, the statute was amended several times between 1972 and 1979. During that period, the General Assembly repeatedly changed the body to which an appeal from a commissioner's finding and award must be taken, eventually settling on the compensation review division—the precursor to the board. See Public Acts 1972, No. 108, § 6 (appeals from compensation commissioner taken to Court of Common Pleas); Public Acts 1976, No. 76-436, § 231 (appeals

---

[4] Indeed, the Supreme Court recently cited *Murphy* for this holding. In *Matey* v. *Estate of Dember*, 256 Conn. 456, 744 A.2d 113 (2001), the court addressed an issue regarding whether the appellant's claims were preserved properly. In doing so, it stated: "[E]ven if we were to assume that the fund could have appealed the October 2, 1990 award, we conclude that the plaintiff waived any claim of untimeliness by failing to file a motion to dismiss the fund's motion to open the February 25, 1991 order. See *Murphy* v. *Elms Hotel*, [supra, 104 Conn. 353] (failure to take appeal within ten day period set forth in predecessor to General Statutes § 31-301 did not render appeal void, but merely voidable)." *Matey* v. *Estate of Dember*, supra, 474–75. Although the procedural posture of *Matey* was significantly more complex than that of the present case, the court's citation of *Murphy* should be read as an indication that *Murphy* remains binding precedent.

from compensation commissioner to be taken to (Superior Court); Public Acts 1979, No. 79-540, § 3 (appeals from compensation commissioner to be taken to compensation review division, and procedure for such appeals same as appeals from Superior Court to Supreme Court). In 1991, the compensation review division was replaced, largely semantically, with the modern workers' compensation review board. See Public Acts 1991, No. 91-339, § 20. In 2001, Public Acts 2001, No. 01-22, § 1, expanded the period in which a party may appeal from the decision of a compensation commissioner from ten days to twenty days.

At present, the statute provides in relevant part: "At any time within twenty days after entry of an award by the commissioner, after a decision of the commissioner upon a motion or after an order by the commissioner according to the provisions of section 31-299b, either party may appeal therefrom to the Compensation Review Board by filing in the office of the commissioner . . . an appeal petition . . . ." General Statutes § 31-301 (a). Because the statute has been amended on so many occasions since its passage and our Supreme Court's decision in *Murphy*, we must determine whether it has been altered to the extent that *Murphy* is no longer binding precedent. That consideration requires us to engage in statutory construction in order to determine whether the failure to appeal in a timely manner from the decision of the commissioner deprives the board of subject matter jurisdiction.

Before engaging in that analysis, we note that matters are complicated by the fact that subsequent to the Supreme Court's decision in *Murphy*, this court rendered several decisions that reached a conclusion contrary to *Murphy*. For example, in *Freeman* v. *Hull Dye & Print, Inc.*, 39 Conn. App. 717, 720, 667 A.2d 76 (1995), we noted that "[o]nce the board determines that an appeal is untimely it no longer has jurisdiction to

address any remaining substantive claim."[5] In *Cyr* v. *Domino's Pizza*, 45 Conn. App. 199, 203, 695 A.2d 29 (1997), this court again held that "[b]ecause the petition for review was untimely, the review board was without jurisdiction to address any remaining substantive claim." These are but two in a line of cases indicating that the board lacks subject matter jurisdiction over a late appeal. Although at first blush this line of cases would appear to govern our disposition of the present appeal, these cases did not consider the binding effect of the *Murphy* opinion. Therefore, we are not bound by their holdings in the disposition of the present appeal.

The board also has held on numerous occasions that it lacks subject matter jurisdiction over a late appeal. In *Orciari* v. *Labor Ready, Inc.*, No. 4702 CRB-5-03-8 (May 25, 2005), for example, the board stated: "When a petitioner fails to file an appeal within the statutorily

[5] In support of that conclusion, the court cited the Supreme Court case, *Chieppo* v. *Robert E. McMichael, Inc.*, 169 Conn. 646, 363 A.2d 1085 (1975). This reliance on *Chieppo*, however appears misplaced. In *Chieppo*, the defendants erroneously appealed to the Superior Court, rather than to the Court of Common Pleas, which had jurisdiction to hear appeals from a commissioner at the time. The Superior Court transferred the case to the Court of Common Pleas, but that latter court dismissed the case. The Supreme Court affirmed, indicating that because the Superior Court was without jurisdiction over the appeal, its action transferring the appeal to the Court of Common Pleas was without effect. The court then began an analysis discussing the Superior Court's statutory jurisdiction to transfer "civil actions" to the Court of Common Pleas. During that secondary analysis of the definition of "civil action," it mentioned that "the provisions of the act allow a period of ten days in which to appeal the compensation commissioner's award. General Statutes § 31-301. If no appeal is taken during that period, the appeal becomes final and is enforcible 'in the same manner as a judgment of the superior court.' General Statutes § 31-300." *Chieppo* v. *Robert E. McMichael, Inc.*, supra, 653. The *Freeman* court cited *Chieppo* for the proposition that because the case was transferred to the Court of Common Pleas outside of the then ten day appeal period and because the case was dismissed for lack of subject matter jurisdiction, timeliness implicates subject matter jurisdiction. *Chieppo*, however, ruled on the jurisdiction of the Superior Court to transfer a workers' compensation case, *not* the jurisdiction of the Court of Common Pleas to hear the appeal.

prescribed time period the board loses subject matter jurisdiction of the matter and the appeal must be dismissed." In *Downer* v. *Mark IV Construction, Inc.*, No. 4462 CRB-3-01-11 (November 15, 2002), it similarly opined: "Under the law of the State of Connecticut, a party to a workers' compensation case may appeal the award of a trial commissioner at any time within twenty days after the award is sent to the parties. . . . This board lacks jurisdiction to consider any appeal that is filed after the expiration of the statutory appeal period, even if it is only a few days late." (Citations omitted.) In *Garcia* v. *Tully*, No. 4209 CRB-07-00-3 (March 1, 2001), the board indicated: "Initially, we must determine whether [this] appeal is timely, as this board lacks subject matter jurisdiction over late petitions for review."[6] Although we are not bound to follow the holdings of the board, we do "accord great weight to the construction given to the workers' compensation statutes by the commissioner and review board." (Internal quotation marks omitted.) *Lafayette* v. *General Dynamics Corp.*, 255 Conn. 762, 770, 770 A.2d 1 (2001); see also *Hartford* v. *Hartford Municipal Employees Assn.*, 259 Conn. 251, 270, 788 A.2d 60 (2002) (deference given to administrative board's reasonable "time-tested interpretation" of statutory terms). Consequently, although not dispositive, these decisions inform our analysis. At the same time, however, the board's construction of § 31-301 (a) appears to be in conflict with our Supreme Court's holding in *Murphy*. Because that is the case, the board's construction would be entitled to no deference.

II

## STATUTORY CONSTRUCTION

In light of the multiple amendments to § 31-301 over the years since *Murphy*, and considering the incongruities between *Murphy* and the subsequent Appellate

---

[6] For a more comprehensive listing of the board's decisions on the subject, see A. Sevarino, Connecticut Workers' Compensation After Reforms (3d Ed. 2008 Sup.) § 10.82.6 n.3, pp. 1749–51.

Court and board decisions, it is necessary for us to construe the statute in an attempt to determine whether § 31-301 (a) denies subject matter jurisdiction to the board in cases in which the appeal thereto is filed late. In *Ambroise* v. *William Raveis Real Estate, Inc.*, supra, 226 Conn. 757, our Supreme Court set forth the standard for determining whether a time limitation on a right to appeal implicates subject matter jurisdiction. It stated: "Our cases regarding appellate time limitations have generally followed one of three lines of analysis. The first line of cases holds that, because the twenty day time limitation on appeals imposed by Practice Book § 4009 [now § 63-1] is not subject matter jurisdictional, we have discretion to hear a late appeal. . . . The rationale for this rule is that the twenty day period established by § 4009 [now § 63-1] is not a constitutionally or legislatively created condition precedent to the jurisdiction of this court. The source of the authority for the adoption of the rule lies in the inherent right of constitutional courts to make rules governing their procedure. . . . Such time constraints, which are created by the courts, can be waived by the courts.

"The second line of cases holds that time limitations on the right to appeal that are contained in statutes, rather than in the provisions of the Practice Book, are subject matter jurisdictional. . . . The rationale for this line of cases is that . . . appellate subject matter jurisdiction is created by statute, and we have no power to enlarge or circumscribe it. . . .

"The third line of cases holds, contrary to cases in the second line of cases, that some statutory time limitations on the right to appeal are discretionary, rather than jurisdictional. . . .

"[T]he proper analysis of a statutory time limitation on the right to appeal devolves into a question of statutory construction: did the legislature, in imposing the

time limitation, intend to impose a subject matter jurisdictional requirement on the right to appeal? We approach this question according to well established principles of statutory construction designed to further our fundamental objective of ascertaining and giving effect to the apparent intent of the legislature. . . . In seeking to discern that intent, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter." (Citations omitted; internal quotation marks omitted.) *Ambroise* v. *William Raveis Real Estate, Inc.*, supra, 226 Conn. 762–64.

A

At the outset, we note that our construction of § 31-301 (a) is informed by the principle that "every presumption is to be indulged in favor of subject matter jurisdiction." *Sheff* v. *O'Neill*, 238 Conn. 1, 15, 678 A.2d 1267 (1996). A clear indication of intent to limit subject matter jurisdiction is required to overcome this presumption. *Sivilla* v. *Philips Medical Systems of North America*, 46 Conn. App. 699, 703, 700 A.2d 1179 (1997).

We begin our analysis of the section's construction with the language of the statute itself. See General Statutes § 1-2z. The provision in question, § 31-301 (a), does not mention subject matter jurisdiction, and is thus vague as applied in the present case. Subsection (e), however, directs that "[t]he procedure in appealing from an award of the commissioner shall be the same as the procedure employed in an appeal from the Superior Court to the Supreme Court, where applicable. . . ." When viewed in light of the fact that the procedure of this court and the Supreme Court permit discretion to hear a late appeal; *Ambroise* v. *William Raveis Real*

*Estate, Inc.,* supra, 226 Conn. 762–63; Practice Book § 60-2 (6); this provision demonstrates the intent of the drafters *not* to limit the subject matter jurisdiction of the board only to hear cases in which the appeal was timely filed.[7]

That conclusion is bolstered by the legislative history of the 2001 amendment to the statute, which increased the time to appeal from ten days to twenty days. In the only substantive discussion of the amendment in the legislative records, David Schoolcraft, a workers' compensation attorney and member of the workers' compensation section of the Connecticut Bar Association, testified before the Judiciary Committee regarding the desirability of expanding the appeal period to twenty days for the purpose of "bringing the appeal period for workers' compensation into line with the Superior Court, the traditional 20 days in the Practice Book." Conn. Joint Standing Committee Hearings, Judiciary, Pt. 4, 2001 Sess., p. 1148. This testimony further reflects an understanding by the committee responsible for the current incarnation of the section[8] that the standards governing time for filing an appeal from a commissioner's decision would be similar to those governing an appeal from the Superior Court. Cf. *State* v. *Ledbetter,* 240 Conn. 317, 337–39, 692 A.2d 713 (1997) (testimony before committee and comments of committee members indicate legislative purpose).

---

[7] We note that the result we reach in the present case is different from that in *Ambroise* v. *William Raveis Real Estate, Inc.,* supra, 226 Conn. 757. In *Ambroise,* the court found that the statute at issue *did* implicate subject matter because it was neither vague nor ambiguous: "The language of [General Statutes] § 52-278*l* (b) is clear and emphatic: 'No such appeal shall be taken except within seven days . . . .' That language means what it says." *Ambroise* v. *William Raveis Real Estate, Inc.,* supra, 765. That is not the case with the language of General Statutes § 31-301 (a).

[8] Note, however, that the statute was again amended in 2007; Public Acts 2007, No. 07-31, § 2; but, as it related to subsection (a), that amendment merely added a sentence to the end of the subsection, which does not bear on the present case.

In addition, we note that the statute has been amended on numerous occasions subsequent to our Supreme Court's 1926 pronouncement in *Murphy*. In each of these subsequent enactments, the underlying language of the time limitation has not been significantly changed or clarified. We may presume, therefore, that the action of the General Assembly in re-enacting the statute, including the clause in question, after the decision of the Supreme Court in *Murphy*, was done with knowledge of and in the light of that decision. See *Turner* v. *Scanlon*, 146 Conn. 149, 156, 148 A.2d 334 (1959) (action of legislature in amending statute regulating braking systems presumed to have been enacted in light of judicial decisions); see also *Caron* v. *Inland Wetlands & Watercourses Commission*, 222 Conn. 269, 279, 610 A.2d 584 (1992) ("the legislature is presumed to be aware of judicial interpretations of a statute"). As such, the fact that the General Assembly failed to repudiate *Murphy* in its subsequent amendments to § 31-301 bolsters our conclusion that in addition to being binding precedent, *Murphy*'s interpretation of the statute remains accurate.

B

There are, however, several arguments to be made that the proper construction of § 31-301 (a) would deprive the board of subject matter jurisdiction. First among these is the principle that "[b]ecause of the statutory nature of our workers' compensation system, policy determinations as to what injuries are compensable and what jurisdictional limitations apply thereto are for the legislature, not the judiciary or the board, to make. . . . [T]he workers' compensation commission, like any administrative body, must act strictly within its statutory authority . . . . It cannot modify, abridge, or otherwise change the statutory provisions under which it acquires authority unless the statutes expressly grant it that power." (Citation omitted; internal quotation

marks omitted.) *Cantoni* v. *Xerox Corp.*, 251 Conn. 153, 160, 740 A.2d 796 (1999). This proposition, although entirely accurate, does not resolve the vagueness in the statute at issue. Although we acknowledge that the board may not act outside of its statutory authority, the statute does not explicitly limit the board's authority or discretion to hear a late appeal. Rather, the statute merely sets forth procedural requirements for the parties to follow in filing an appeal. See *Sager* v. *GAB Business Services, Inc.*, 11 Conn. App. 693, 697 n.5, 529 A.2d 226 (1987) (time limitation not subject to waiver only if limitation jurisdictional or substantive). This analysis does not resolve the question regarding whether the language of the statute deprives the board of subject matter jurisdiction over a late appeal.

The next argument that might tend to indicate that § 31-301 (a) implicates the board's subject matter jurisdiction involves the purpose of the legislature in enacting the workers' compensation scheme in the first instance. The intent of the General Assembly undeniably was to provide for a *speedy* method for disposing of claims. *Doe* v. *Yale University*, supra, 252 Conn. 672. As such, there is an argument to be made that permitting late appeals would only prolong the process for determining those claims in derogation of that legislative intent. This argument is undermined by the fact that the workers' compensation statute is remedial in nature and must be broadly construed in favor of compensating disabled employees. *Evanuska* v. *Danbury*, 285 Conn. 348, 358, 939 A.2d 1174 (2008). In the present case, the party filing a late appeal is liable for payments of the award, but it easily could be the injured employee. As such, a broad construction of the provision regarding the appeal period would provide the board with discretion to hear late appeals, rather than limit its jurisdiction, in order to achieve the remedial purpose of the

act.[9] In light of the foregoing, the correct construction of § 31-301 (a) would *not* preclude the board from hearing late appeals.

## III

## CONCLUSION

In *Murphy* v. *Elms Hotel*, supra, 104 Conn. 351, our Supreme Court held that the time limitation on an appeal from the finding and award of a workers' compensation commissioner imposed by § 31-301 (a) does not deprive the appellate tribunal of subject matter jurisdiction over the appeal. We conclude that § 31-301 (a) has not been altered to the extent that the effect of *Murphy* has been abrogated. Consequently, it remains binding precedent that both the board and this court are required to follow.

Further, the language of the statute and its legislative history do not explicitly limit the board's jurisdiction. Moreover, they indicate that appeals from a compensation commissioner are to follow the same procedure as appeals from the Superior Court, which likewise illustrates an intention *not* to limit the board's subject matter jurisdiction. In addition, the canons that govern our construction of the Workers' Compensation Act—

---

[9] We note that canons of statutory construction often are contradictory. See *In re William D.*, 284 Conn. 305, 312 n.6, 933 A.2d 1147 (2007). For example, remedial statutes, such as the workers' compensation statute, are generally given a broad, liberal construction. See *Vollemans* v. *Wallingford*, 103 Conn. App. 188, 219, 928 A.2d 586 (2007), aff'd, 289 Conn. 57, 956 A.2d 579 (2008); 3 N. Singer & J. Singer, Statutes and Statutory Construction (7th Ed. 2008) § 60:1, pp. 250–64. On the other hand, statutes that "impose duties or burdens or establish rights or provide benefits not recognized by the common law have frequently been held subject to strict, or restrictive, interpretation." 3 N. Singer & J. Singer, supra, § 61:1, p. 314; accord *Ambroise* v. *William Raveis Real Estate, Inc.*, supra, 226 Conn. 766. It is well settled, however, that workers' compensation legislation is liberally construed to effectuate its remedial purpose. See *Evanuska* v. *Danbury*, supra, 285 Conn. 358; 3B N. Singer, Statutes and Statutory Construction (6th Ed. 2003) § 75:3, pp. 25–26.

namely, the presumption in favor of jurisdiction; see *Sheff* v. *O'Neill*, supra, 238 Conn. 15; a broad reading of the act; see *Evanuska* v. *Danbury*, supra, 285 Conn. 358; and the presumption that the General Assembly was aware of the *Murphy* decision when it enacted amendments to the section; see *Caron* v. *Inland Wetlands & Watercourses Commission*, supra, 222 Conn. 279—compel the same conclusion. Therefore, we conclude that § 31-301 (a) does not limit the board's subject matter jurisdiction to hear a late appeal but, rather, provides the board with discretion to hear a late appeal when no timely motion to dismiss has been filed.

The decision of the workers' compensation review board is reversed and the case is remanded for further proceedings consistent with this opinion.

In this opinion WEST, J., concurred.

LAVINE, J., concurring. I concur that the failure to file a timely appeal from the finding and award of the workers' compensation commissioner (commissioner) to the workers' compensation review board (board) does not deprive the board of jurisdiction. That question of whether a late appeal from the commissioner was void or merely voidable was decided by our Supreme Court more than eighty years ago in *Murphy* v. *Elms Hotel*, 104 Conn. 351, 353, 133 A. 106 (1926), and affirmed under the current form of the statute in *Matey* v. *Estate of Dember*, 256 Conn. 456, 744 A.2d 113 (2001).