STATE OF CONNECTICUT *v.* MARK J. DESPRES
(AC 27523)

McLachlan, Harper and Peters, Js.

Submitted on briefs February 19—officially released April 22, 2008

*Mark J. Despres*, pro se, the appellant (defendant), filed a brief.

*Michael L. Regan*, state's attorney, *Timothy F. Costello*, deputy assistant state's attorney, and *Lawrence J. Tytla*, supervisory assistant state's attorney, filed a brief for the appellee (state).

*Opinion*

PER CURIAM. The pro se defendant, Mark J. Despres, appeals from the denial of his motion to correct an illegal sentence filed pursuant to Practice Book § 43-22.[1]

The defendant originally was charged with capital felony and conspiracy to commit murder in connection with the murder for hire of Anson B. Clinton III on March 10, 1994. On May 6, 1997, the defendant pleaded guilty to murder and conspiracy to commit murder pursuant to a plea agreement. As part of the plea agreement, the state agreed to enter a nolle prosequi as to the capital felony charge. The trial court accepted the pleas

---

[1] This motion and appeal were filed by the defendant pro se. After the filing of his appellate brief, our Supreme Court decided *State* v. *Casiano*, 282 Conn. 614, 922 A.2d 1065 (2007) (holding defendant has right to appointment of counsel to determine if motion to correct illegal sentence has sound basis). At the defendant's request, the trial court then appointed counsel, who reviewed the defendant's claims to determine if a sound basis existed for filing the appeal. See id., 627–28. After counsel's report, which concluded that "no sound basis exists for litigating" the appeal, counsel's appointment was terminated.

and imposed concurrent sentences of forty-five years of imprisonment on each charge.[2]

On appeal, the defendant raises six issues. We agree with the state's characterization of those issues as follows: (1) whether the defendant's conviction and sentence for both murder and conspiracy to commit murder violate his constitutional protection against double jeopardy, (2) whether the defendant's federal constitutional right to a grand jury extends to criminal proceedings in Connecticut state courts, (3) whether the court had jurisdiction to accept the defendant's pleas and impose sentence because he was not indicted by a grand jury, and (4) whether the statutes modifying Connecticut's grand jury procedures and establishing probable cause hearings are constitutionally defective. We affirm the judgment of the trial court.

We find no merit to the defendant's claim that his fifth amendment protection against double jeopardy was violated by his conviction of both conspiracy to commit murder and murder. It has been settled law in Connecticut, at least since 1981, that being convicted of a principal crime and conspiracy to commit that crime does not violate double jeopardy principles because the elements of conspiracy requiring an agreement to commit the crime, plus an act in furtherance of the crime, are separate and distinct from the substantive crime itself. *State* v. *Johns*, 184 Conn. 369, 378–79, 439 A.2d 1049 (1981).

As to the defendant's claim that he had a fifth amendment right to a grand jury, we note that the United States Supreme Court has determined that this requirement

---

[2] A complete statement of the facts of the underlying crime is set forth by the Supreme Court in its review of the conviction of Beth Ann Carpenter. See *State* v. *Carpenter*, 275 Conn. 785, 789–92, 882 A.2d 604 (2005), cert. denied, 547 U.S. 1025, 126 S. Ct. 1578, 164 L. Ed. 2d 309 (2006).

applies only to federal prosecutions and is not applicable to the states. See *Hurtado* v. *California*, 110 U.S. 516, 534–35, 4 S. Ct. 111, 28 L. Ed. 232 (1884). Our Supreme Court has also recognized this principle. *State* v. *Couture*, 194 Conn. 530, 548–49, 482 A.2d 300 (1984), cert. denied, 469 U.S. 1192, 105 S. Ct. 967, 83 L. Ed. 2d 971 (1985).

We have carefully examined the balance of the defendant's claims on appeal, and we find that they have no merit.

The judgment is affirmed.