STATE OF CONNECTICUT *v.* MICHAEL DALY
(AC 29080)

Flynn, C. J., and DiPentima and Beach, Js.

Argued September 5—officially released December 2, 2008

*Suzanne Z. Curtis*, assistant public defender, for the appellant (defendant).

*Leon F. Dalbec, Jr.*, senior assistant state's attorney, with whom, on the brief, were *Gail P. Hardy*, state's attorney, and *Anthony J. Spinella*, assistant state's attorney, for the appellee (state).

DiPENTIMA, J. The dispositive issue in this appeal is whether a trial court has jurisdiction to consider an objection to the entry of a nolle prosequi filed seven weeks after the nolle was entered in the defendant's presence. The defendant, Michael Daly, appeals from the judgment of the trial court denying his objection to the entry of a nolle. We conclude that the court lacked jurisdiction to consider the objection. Accordingly, we reverse the judgment and remand the case to the trial court with instruction to dismiss the defendant's objection.

The record reveals the following relevant facts and procedural history. The defendant was charged with five crimes in three separate files. In CR-06-0205321, the defendant was charged with interfering with an officer in violation of General Statutes § 53a-167a. In CR-06-0205320, the defendant was charged with possession of narcotics in violation of General Statutes § 21a-279 (a) and use of drug paraphernalia in violation of General Statutes § 21a-267 (a). In CR-06-0205317, the defendant was charged with robbery in the third degree in violation of General Statutes § 53a-136 and larceny in the third degree in violation of General Statutes § 53a-124. On February 21, 2007, the defendant pleaded guilty under the *Alford* doctrine[1] to the charges of robbery in the third degree, larceny in the third degree and possession of narcotics. Following the imposition of the sentence, the court stated: "Costs and fees will be imposed. Nolle noted open counts." The defendant's attorney clarified with the court that costs would be waived. The court clerk then asked: "And a nolle on the open file, Your Honor?" The court responded: "Open file." A nolle was entered for the charges of interfering with an officer and use of drug paraphernalia.

[1] See *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

On February 28, 2007, the defendant, representing himself, filed a motion for transcript, requesting a copy of the transcript of the February 21, 2007 proceeding. In this motion, he stated that he was not present when the nolle was entered. On March 5, 2007, the court denied the defendant's motion, noting that "[the defendant] was present during the entering of the nolle." On March 19, 2007, the defendant filed a motion for reconsideration of the court's denial of his motion for transcript, which the court denied on March 20, 2007. On April 11, 2007, the defendant filed an objection to the entry of the nolle, again stating that he was not present when the nolle was entered. The court denied the objection on April 12, 2007. In a subsequent memorandum of decision, dated February 8, 2008, the court explained that it denied the defendant's objection to the entry of a nolle on the basis of its finding that the defendant was present in court during the entering of the nolle. On August 7, 2007, the defendant filed this appeal from the denial of his objection to the entry of a nolle.

On appeal, the defendant claims that the court improperly denied his objection to the entry of the nolle because the state did not comply with General Statutes § 54-56b and Practice Book §§ 39-29 and 39-30. Specifically, the defendant argues that because the prosecutor did not initiate the nolle or comply with the requirements of the § 54-56b and Practice Book §§ 39-29 and 39-30, the court abused its discretion when it noted the nolle on its own volition. Because the defendant did not object timely to the court's decision to allow the nolle, but instead appeals from its denial of his later objection to that disposition, we decline to consider the merits of this claim. Rather, we conclude that the court did not have jurisdiction to consider the defendant's objection.[2]

[2] The defendant also seeks review under *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989), and the plain error doctrine. See Practice Book

Preliminarily, we note that a fact critical to our jurisdictional analysis was not properly challenged in the defendant's appeal. The defendant asserts in his brief that he was not aware that the nolle was entered. Specifically, he argues that it is "pretty certain" that either he had left the courtroom or was in the process of leaving the courtroom when the court noted the nolle or that he misunderstood what was happening. The defendant reasons that we can infer that he was unaware the nolle was entered on the basis of his subsequent motions and his argument before this court. Such speculation is not sufficient to challenge the trial court's factual finding that "[the defendant] was present during the entering of the nolle"; see State v. Brown, 256 Conn. 291, 311–12, 772 A.2d 1107 (nonreviewability of claim when analysis and authority lacking), cert. denied, 534 U.S. 1068, 122 S. Ct. 670, 151 L. Ed. 2d 584 (2001); and we do not have grounds to conclude otherwise.[3] Moreover, it is well established that as an appellate tribunal, we do not find facts. Gibson v. Commissioner of Correction, 98 Conn. App. 311, 318 n.5, 908 A.2d 1110 (2006), cert. denied, 281 Conn. 908, 916 A.2d 49 (2007);

§ 60-5. Because we conclude that the court did not have jurisdiction to consider the objection from whose denial the defendant appeals, we do not reach the merits of his claims. We do acknowledge the common practice of the summary entry of nolles as part of plea agreements. See, e.g., State v. Despres, 107 Conn. App. 164, 165, 944 A.2d 989, cert. denied, 288 Conn. 904, 953 A.2d 649 (2008); Dawson v. Commissioner of Correction, 106 Conn. App. 614, 617, 942 A.2d 519, cert. denied, 287 Conn. 909, 950 A.2d 1285 (2008); Bowden v. Commissioner of Correction, 93 Conn. App. 333, 335, 888 A.2d 1131, cert. denied, 277 Conn. 924, 895 A.2d 796 (2006).

[3] We note that the defendant did not seek an articulation or rectification of the record from the trial court regarding the court's finding that he was present during the entry of the nolle, nor did he seek an evidentiary hearing to establish whether, as he suggests in his brief, he left the courtroom before the nolle was entered. Instead, on October 26, 2007, the defendant filed a motion with this court to have the audiocassette of the hearing added to the record or considered as an exhibit. On January 10, 2008, we denied the motion. The defendant then moved for a reconsideration of our ruling, which we denied on May 7, 2008. These motions are insufficient to challenge properly the court's factual finding as clearly erroneous.

*State* v. *Zollo*, 36 Conn. App. 718, 726, 654 A.2d 359, cert. denied, 234 Conn. 906, 660 A.2d 859 (1995).

Declining to disturb the court's determination that the defendant was present during the entry of the nolle, we turn now to a discussion of subject matter jurisdiction. The state argues that the court did not have jurisdiction over the defendant's objection to the entry of the nolle and that "a want of jurisdiction in that court would eliminate our authority to consider the issues raised on this appeal." *Hartford National Bank & Trust Co.* v. *Tucker*, 178 Conn. 472, 477, 423 A.2d 141 (1979), cert. denied, 445 U.S. 904, 100 S. Ct. 1079, 63 L. Ed. 2d 319 (1980). "[A] subject matter jurisdictional defect may not be waived . . . [or jurisdiction] conferred by the parties, explicitly or implicitly. . . . [T]he question of subject matter jurisdiction is a question of law . . . and, once raised, either by a party or by the court itself, the question must be answered before the court may decide the case." (Internal quotation marks omitted.) *Commissioner of Transportation* v. *Rocky Mountain, LLC*, 277 Conn. 696, 703, 894 A.2d 259 (2006). Our review of this question of law is plenary. *State* v. *Fowlkes*, 283 Conn. 735, 738, 930 A.2d 644 (2007).

Subject matter jurisdiction involves a court's authority to adjudicate the type of controversy presented in the action before it. *State* v. *Carey*, 222 Conn. 299, 304, 610 A.2d 1147 (1992), on appeal after remand, 228 Conn. 487, 636 A.2d 840 (1994). "The Superior Court is a constitutional court of general jurisdiction. . . . In the absence of statutory or constitutional provisions, the limits of its jurisdiction are delineated by the common law." (Internal quotation marks omitted.) *State* v. *Lawrence*, 281 Conn. 147, 153, 913 A.2d 428 (2007); see Conn. Const., art. V, § 1. The Superior Court's authority over criminal cases is established by the "proper presentment of the information . . . which is essential to

initiate a criminal proceeding." *Reed* v. *Reincke*, 155 Conn. 591, 598, 236 A.2d 909 (1967).

We apply the previously mentioned principles of subject matter jurisdiction as we determine the status of a criminal case following the entry of a nolle. The effect of a nolle is to terminate the particular prosecution of the defendant without an acquittal and without placing him in jeopardy. *State* v. *Herring*, 209 Conn. 52, 57, 547 A.2d 6 (1988); *State* v. *Lloyd*, 185 Conn. 199, 201, 440 A.2d 867 (1981); see *Bucolo* v. *Adkins*, 424 U.S. 641, 642, 96 S. Ct. 1086, 47 L. Ed. 2d 301 (1976). "Upon entry of a nolle, the individual concerned is no longer a defendant in a criminal case. He stands accused of no crime and his release is unconditional. . . . After entry of [a] nolle [a] defendant . . . [is] not under arrest, not in custody, and not subject to any criminal prosecution." (Internal quotation marks omitted.) *State* v. *Gaston*, 198 Conn. 435, 441, 503 A.2d 594 (1986). "The nolle, like a nonsuit or a discontinuance in a civil suit, [leaves] the matter just where it stood before the commencement of the prosecution." *State* v. *Main*, 31 Conn. 572, 576 (1863).

Therefore, the nolle places the criminal matter in the same position it held prior to the filing of the information. Indeed, no criminal matter exists until, and if, the prosecution issues a new information against the defendant. As our rules explain, "[t]he entry of a nolle prosequi terminates the prosecution and the defendant shall be released from custody. If subsequently the prosecuting authority decides to proceed against the defendant, a new prosecution must be initiated." Practice Book § 39-31.[4] The defendant is accused of no crime, is released from custody unconditionally and is no longer

---

[4] We note that under our erasure statute, thirteen months after the entry of the nolle all pertinent records must be erased. General Statutes § 54-142a (c). Moreover, the entry of a nolle does not toll the statute of limitations on the original offense. *State* v. *Lloyd*, supra, 185 Conn. 210.

under the authority of the court. It follows that, generally, a court does not have jurisdiction over the case after the entry of a nolle. See *Reed* v. *Reincke*, supra, 155 Conn. 598; see also General Statutes § 54-56 ("[a]ll courts having jurisdiction of criminal cases shall at all times have jurisdiction and control over informations and criminal cases *pending therein* . . . ." [emphasis added]).

Our Supreme Court, however, has recognized limited instances in which a trial court may retain jurisdiction following the entry of a nolle. *State* v. *Lloyd*, supra, 185 Conn. 205. "We have held that even *after* the entry of a nolle the court retains limited jurisdiction over the case to hear such matters as the defendant's motion to dismiss based on the alleged denial of the right to a speedy trial." (Emphasis in original.) *State* v. *Gaston*, supra, 198 Conn. 443. In *Lloyd*, the state entered a nolle over the defendant's objection and over his renewed motion to dismiss on speedy trial grounds.[5] *State* v. *Lloyd*, supra, 200–201. Our Supreme Court held that the trial court had jurisdiction to consider the defendant's motion for a speedy trial even after the court's acceptance of the nolle. Id., 206. The court concluded that "[t]he defendant's timely, and timely renewed, motions to dismiss required resolution before the pending proceedings could be fully terminated." Id.

The defendant's objection in the present case, by contrast, was not timely. Where our Supreme Court has ruled on the entry of a nolle over the defendant's objection, the objection has been timely. *State* v. *Herring*, supra, 209 Conn. 54 (state indicated it intended to enter nolle and defendant objected immediately

---

[5] In *Lloyd*, the defendant had made a motion for speedy trial, which was granted, and a subsequent motion to dismiss on the basis of a violation of his right to a speedy trial, which was denied. *State* v. *Lloyd*, supra, 185 Conn. 200–201. When the state entered a nolle, the defendant objected and renewed his motion to dismiss on speedy trial grounds. Id.

thereafter); see also *State* v. *Gaston*, supra, 198 Conn. 443 (noting that court's holding in *Lloyd* "assumed a fortiori that [the motion to dismiss on speedy trial grounds] was properly raised *before* the entry of a nolle" [emphasis in original]). Practice Book § 39-30 specifically allows for a timely objection. It provides: "Where a prosecution is initiated by complaint or information, the defendant may object to the entering of a nolle prosequi *at the time it is offered by the prosecuting authority* and may demand either a trial or a dismissal, except when a nolle is entered upon a representation to the judicial authority by the prosecuting authority that a material witness has died, disappeared or become disabled or that material evidence has disappeared or has been destroyed and that a further investigation is therefore necessary." (Emphasis added.) Practice Book § 39-30. The defendant here did not make his objection to the entry of the nolle until approximately seven weeks after the nolle had been entered. Unlike the situations in *Herring* and *Lloyd*, the defendant did not voice his objection before or immediately after the nolle was entered. See *State* v. *Herring*, supra, 54; *State* v. *Lloyd*, supra, 185 Conn. 207 ("[t]he purpose of providing judicial oversight over the entry of a nolle prosequi to which the defendant has *timely* objected is to protect the defendant from the repeated initiation and termination of charges that . . . leave him in legal limbo" [emphasis added]). Instead, as noted previously, the defendant here waited seven weeks to file his objection. Thus, the defendant's objection was not timely and fell outside of the limited jurisdiction retained by the court following the entry of a nolle. Accordingly, we conclude that the limited jurisdiction retained by the court after the entry of a nolle does not extend to the defendant's untimely objection.

The form of the judgment is improper. The judgment denying the defendant's objection to the entry of the

nolle prosequi is reversed and the case is remanded with direction to dismiss the defendant's objection.

In this opinion the other judges concurred.