STATE OF CONNECTICUT *v.* JEWU
THOMAS RICHARDSON
(SC 18145)

Rogers, C. J., and Palmer, Vertefeuille, Zarella and Sullivan, Js.

---

Argued January 8—officially released May 12, 2009

*Suzanne Z. Curtis*, assistant public defender, for the appellant (defendant).

*Leon F. Dalbec, Jr.*, senior assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *Brian Leslie*, assistant state's attorney, for the appellee (state).

*Opinion*

ZARELLA, J. The dispositive issue in this appeal is whether the trial court had jurisdiction to consider a motion to dismiss filed after the state entered a nolle prosequi without objection. The defendant, Jewu Thomas Richardson, appeals from the trial court's denial of his motion to dismiss. We conclude that the trial court lacked jurisdiction to entertain the defendant's motion to dismiss.

The record discloses the following relevant facts and procedural history. The defendant was arrested on January 5, 2006, and charged by substitute information with possession of narcotics with intent to sell by a person who is not drug-dependent in violation of Gen-

eral Statutes § 21a-278 (b), and possession of narcotics with intent to sell within 1500 feet of a school in violation of General Statutes § 21a-278a (b). The defendant pleaded not guilty, and the case eventually proceeded to jury selection. On March 14, 2007, prior to the jury being sworn, the state requested a four week continuance, which the trial court, *Keegan, J.*, granted.[1] Two days later, on March 16, 2007, the assistant state's attorney informed the court, *Blawie, J.*,[2] that "[t]he state's main witness has become legally unavailable, and the state is therefore entering a missing witness nolle pursuant to [General Statutes §] 54-56b."[3] Defense counsel, who had waived the defendant's appearance at the March 16 proceeding, averred that he knew "of no valid basis to object" to the nolle, and the court declared that the nolle was "noted on that basis."

In a pro se motion dated March 29, 2007, the defendant sought to have the charges dismissed with prejudice. In his motion to dismiss, the defendant claimed, inter alia, that the "charges against him [should] be dismissed with prejudice" because the state had failed to show that the nolle was based on the death, disappearance or disability of a material witness as Practice Book § 39-30 requires.[4] The court held a hearing on

---

[1] Neither defense counsel nor the defendant took a position on the requested continuance.

[2] Hereinafter, all references to the trial court are to *Blawie, J.*

[3] General Statutes § 54-56b provides in relevant part: "A nolle prosequi may not be entered as to any count in a[n] . . . information if the accused objects to the nolle prosequi and demands either a trial or dismissal, except with respect to prosecutions in which a nolle prosequi is entered upon representation to the court by the prosecuting official that a material witness has died, disappeared or become disabled or that material evidence has disappeared or has been destroyed and that a further investigation is therefore necessary."

[4] We note that Practice Book § 39-30, which tracks the language of General Statutes § 54-56b, is somewhat unclear regarding the state's burden when entering a missing witness nolle, as the rule appears to require only a "representation to the judicial authority by the prosecuting authority that a material witness has . . . become disabled . . . ." We have previously concluded, however, that "[t]he trial court ha[s] no obligation to decide

April 9, 2007, and denied the defendant's motion to dismiss. The defendant appealed to the Appellate Court from the denial of his motion to dismiss, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1. Additional facts will be set forth as necessary.

On appeal, the defendant challenges the trial court's denial of his motion to dismiss, claiming that the state failed to satisfy the specific requirements of § 54-56b when it entered the missing witness nolle. We need not reach this issue, however, because we agree with the state that the trial court was without jurisdiction to consider the defendant's motion to dismiss inasmuch as the defense had not timely objected to the entering of the nolle.

We begin with a brief discussion of the general principles of jurisdiction that bear on our resolution of this appeal. "[T]he question of subject matter jurisdiction is a question of law . . . and, once raised, either by a party or by the court itself, the question must be answered before the court may decide the case. . . . We have long held that because [a] determination regarding a trial court's subject matter jurisdiction is a question of law, our review is plenary." (Citation omitted; internal quotation marks omitted.) *Commissioner of Transportation* v. *Rocky Mountain, LLC*, 277 Conn. 696, 703, 894 A.2d 259 (2006). "The Superior Court is a constitutional court of general jurisdiction. . . . In the absence of statutory or constitutional provisions,

whether the complaining witness [is] in fact truly disabled. . . . The proper test is whether there has been a manifest abuse of prosecutorial discretion. The court must accept the entry of the nolle prosequi for the record unless it is persuaded that the prosecutor's exercise of discretion is clearly contrary to manifest public interest." *State* v. *Lloyd*, 185 Conn. 199, 204, 440 A.2d 867 (1981). Although we need not revisit this standard because we do not reach the merits of the defendant's substantive claims, we take this opportunity to note our continued adherence to it.

the limits of its jurisdiction are delineated by the common law." (Citation omitted.) *State* v. *Luzietti*, 230 Conn. 427, 431, 646 A.2d 85 (1994).

"The Superior Court's authority over criminal cases is established by the proper presentment of the information . . . which is essential to initiate a criminal proceeding." (Internal quotation marks omitted.) *State* v. *Daly*, 111 Conn. App. 397, 401–402, 960 A.2d 1040 (2008). "The effect of a nolle is to terminate the particular prosecution of the defendant without an acquittal and without placing him in jeopardy." Id., 402. "Therefore, the nolle places the criminal matter in the same position it held prior to the filing of the information. Indeed, no criminal matter exists until, and if, the prosecution issues a new information against the defendant. As our rules explain, [t]he entry of a nolle prosequi terminates the prosecution and the defendant shall be released from custody. If subsequently the prosecuting authority decides to proceed against the defendant, a new prosecution must be initiated. Practice Book § 39-31. The defendant is accused of no crime, is released from custody unconditionally and is no longer under the authority of the court. It follows that, generally, a court does not have jurisdiction over the case after the entry of a nolle." (Internal quotation marks omitted.) *State* v. *Daly*, supra, 402–403. Although this court has recognized a narrow exception to this general rule,[5] that exception is not applicable in the present case.

---

[5] In *State* v. *Lloyd*, 185 Conn. 199, 440 A.2d 867 (1981), we determined that the trial court retains jurisdiction after the entry of a nolle prosequi over the defendant's objection when the defendant has a motion to dismiss on other grounds pending before the court prior to the entry of the nolle. See id., 205–206; see also *State* v. *Gaston*, 198 Conn. 435, 443, 503 A.2d 594 (1986) ("even after the entry of a nolle the court retains limited jurisdiction over the case to hear such matters as the defendant's motion to dismiss based on the alleged denial of the right to a speedy trial"). No such circumstances exist in the present case.

In this case, defense counsel waived the defendant's appearance at the March 16, 2007 proceeding in which the state entered the nolle. At the beginning of the proceeding, the assistant state's attorney asked if defense counsel would "[w]aive [the defendant's] appearance," to which counsel replied: "Yes, I'll waive his appearance. . . . It's my understanding . . . that what's going to happen here doesn't require his appearance." Immediately after this exchange, the assistant state's attorney informed the court that he was "entering a missing witness nolle pursuant to [§] 54-56b" because "the state's main witness ha[d] become legally unavailable . . . ." Immediately thereafter, the court asked defense counsel whether he "wish[ed] to be heard," to which defense counsel replied: "No, Your Honor. I know of no valid basis to object [to the entry of the nolle] . . . ."

On appeal, the defendant does not raise a claim with respect to the propriety of defense counsel's waiver of the defendant's appearance at the March 16 proceeding. In fact, in his reply brief, the defendant concedes that "[w]aiver of the defendant's presence by his attorney on March 16, 2007, is a nonissue in this case . . . ." Nevertheless, the defendant contradictorily asserts, for the first time in his reply brief, that he had a constitutional right to be present at the proceeding in which the state entered the nolle and that he had not agreed to a waiver of that right. Because the defendant failed to raise this issue in his main brief, it is abandoned. See, e.g., *State* v. *Lopez*, 280 Conn. 779, 816 n.25, 911 A.2d 1099 (2007) ("[i]t is a well established principle that arguments cannot be raised for the first time in a reply brief" [internal quotation marks omitted]); see also *Czarnecki* v. *Plastics Liquidating Co.*, 179 Conn. 261, 262 n.1, 425 A.2d 1289 (1979) ("[t]hose claims of error not briefed are considered abandoned").

Thus, we begin with the premise that the defendant's presence at the nolle proceeding was effectively and

properly waived by defense counsel. It is incontrovertible that the defendant, through his counsel, acquiesced in the entry of the missing witness nolle on March 16, 2007. Once the state entered the nolle and the proceeding ended, the trial court was divested of jurisdiction to take any further action in the case. For all intents and purposes, the case had ceased to exist once the nolle was entered, and, thus, there was nothing for the court to exert jurisdiction over. See *State* v. *Daly*, supra, 111 Conn. App. 402.

To the extent that the defendant attempts to overcome this obstacle by pointing to the existence of the April 9, 2007 hearing, and several statements made by the trial court at that proceeding, we need merely note the firmly established principle that a court cannot arrogate jurisdiction to itself by its own fiat. See *State* v. *Luzietti*, supra, 230 Conn. 431 (trial court's jurisdiction defined by constitution, statute and common law). Because the nolle was properly entered on March 16, 2007, the April 9, 2007 proceeding was undertaken without jurisdiction and represents a legal nullity.[6]

The denial of the motion to dismiss is reversed and the case is remanded with direction to dismiss the motion for lack of jurisdiction.

In this opinion the other justices concurred.

---

[6] Recently, in *State* v. *Das*, 291 Conn. 356, 370, 968 A.2d 367 (2009), we clarified that there is no "constitutional violation" exception to the rule depriving a trial court of jurisdiction over a defendant once his sentence has been executed. To the extent that the defendant's argument implicitly suggests that there is a similar exception that would confer jurisdiction to consider a motion to dismiss after the entry of a nolle, the logic of *Das* is equally applicable in the present case and forecloses the defendant's argument.