******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

RICHARD RUSSELL *v.* MITCHELL PROPERTIES, INC.
(AC 35220)

DiPentima, C. J., and Keller and Dupont, Js.

*Argued November 18, 2013—officially released March 11, 2014*

(Appeal from Superior Court, judicial district of
Hartford, Miller, J.)

*Juri E. Taalman*, with whom, on the brief, was *David
W. Bush*, for the appellant (plaintiff).

*Mony B. P. Yin*, for the appellee (defendant Mitchell
Property Group, LLC).

*Opinion*

DiPENTIMA, C. J. The plaintiff, Richard Russell, appeals from the summary judgment rendered in favor of the defendant Mitchell Property Group, LLC.[1] On appeal, the plaintiff claims that the trial court improperly concluded that his action was barred by the applicable statute of limitations, General Statutes § 52-584,[2] and could not be saved by General Statutes § 52-593.[3] We disagree and, accordingly, affirm the judgment of the trial court.

The record reveals the following relevant facts and procedural history. On March 24, 2011, the plaintiff attempted to commence a negligence action against Mitchell Properties, Inc., arising from injuries allegedly caused by defective curbing in a parking lot. The plaintiff had difficulty locating Mitchell Properties, Inc., and was unable to make service of process.[4] Indeed, Mitchell Properties, Inc., never appeared. Later, on May 16, 2011, admitting that he named the wrong corporation, the plaintiff filed a motion to cite in the defendant, which the court granted. On June 10, 2011, after the statute of limitations period had run, the plaintiff served the defendant with a two count amended complaint. The defendant appeared, and after filing its answer and special defenses, moved for summary judgment claiming that the plaintiff's action was barred by the statute of limitations. The plaintiff filed an objection to the motion for summary judgment, arguing that § 52-593 applied to save his action from being barred by the statute of limitations.

At the hearing on the motion, the plaintiff argued that the granting of his motion to cite in the defendant, within which he had made a judicial admission that he had sued the wrong party, terminated his action against Mitchell Properties, Inc., for purposes of § 52-593. The defendant countered that § 52-593 was inapplicable because the plaintiff's action against Mitchell Properties, Inc., had not been terminated. At the end of the hearing, the defendant argued in the alternative, for the first time, that the action against Mitchell Properties, Inc., had never commenced. The court granted the defendant's motion for summary judgment, concluding that § 52-593 was inapplicable because the plaintiff's action against Mitchell Properties, Inc., had not been terminated. This appeal followed.

"Practice Book § [17-49] requires that judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A material fact is a fact that will make a difference in the result of the case. . . . The facts at issue are those alleged in the pleadings. . . . The party seeking summary judgment has the burden of showing the absence of any

genuine issue as to all material facts, which, under applicable principles of substantive law, entitle him to a judgment as a matter of law. . . . The party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. See Practice Book §§ [17-44 and 17-45]. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts. . . . Our review of the trial court's decision to grant a motion for summary judgment is plenary. . . . Summary judgment may be granted where the claim is barred by the statute of limitations." (Citation omitted; internal quotation marks omitted.) *Mollica* v. *Toohey*, 134 Conn. App. 607, 610–11, 39 A.3d 1202 (2012).

On appeal, the parties renew the arguments they made before the trial court.[5] Thus, we consider whether § 52-593 was applicable to save the plaintiff's action from being barred by the statute of limitations. The court concluded § 52-593 did not apply because the plaintiff's action against Mitchell Properties, Inc., had not been terminated. The court explained: "This court agrees with the majority of trial court decisions on this issue, and finds that a plaintiff who wishes to bring an action pursuant to . . . § 52-593 may not do so until after the suit against the misidentified defendant has been withdrawn or otherwise terminated." Rather than follow the court's tack, we steer an alternate course, focusing on the more elementary question of whether the plaintiff had in fact commenced an action against Mitchell Properties, Inc.[6]

We begin with the language of § 52-593, which provides in relevant part: "When a plaintiff in any civil action has failed to obtain judgment by reason of failure to name the right person as defendant therein, the plaintiff may bring a new action and the statute of limitations shall not be a bar thereto if service of process in the new action is made within one year after the termination of the original action. . . ." By its clear language, § 52-593 contemplates a scenario in which there are two separate actions: an original action brought against the wrong person, followed by a new action brought against the right person.

"This court has long held that an action is brought once the writ, summons and complaint have been served upon a defendant. . . . *Hillman* v. *Greenwich*, 217 Conn. 520, 527, 587 A.2d 99 (1991) (an action is commenced on the date of service of the writ upon the defendant . . .); *Lacasse* v. *Burns*, 214 Conn. 464, 475, 572 A.2d 357 (1990) (an action is not commenced until process is actually served upon the defendant) . . . *Broderick* v. *Jackman*, 167 Conn. 96, 99, 355 A.2d 234 (1974) (an action is commenced not when the writ is returned but when it is served upon the defendant)

. . . ." (Citations omitted; footnotes omitted; internal quotation marks omitted.) *Rana* v. *Ritacco*, 236 Conn. 330, 337–38, 672 A.2d 946 (1996).

In this case, the plaintiff did not serve the writ of summons and complaint on Mitchell Properties, Inc. As a result, an "original action" never was brought against this entity. For this reason, § 52-593 was inapplicable. Our interpretation follows from the clear language of § 52-593, which requires a "termination of the original action." A termination presumes a prior existence. Here, there was never an action in existence to terminate. We thus find § 52-593 inapplicable and that this action against the defendant was barred by the statute of limitations.[7] Accordingly, the court properly granted the defendant's motion for summary judgment.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The plaintiff's original complaint named only a single defendant, Mitchell Properties, Inc. It, however, was not served process, did not appear before the trial court, and did not appear before this court. An additional defendant, Mitchell Property Group, LLC, later was cited in, and the plaintiff amended his complaint. We refer to Mitchell Property Group, LLC, as the defendant.

[2] General Statutes § 52-584 provides in relevant part: "No action to recover damages for injury to the person . . . caused by negligence . . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered . . . ."

[3] General Statutes § 52-593 provides in relevant part: "When a plaintiff in any civil action has failed to obtain judgment by reason of failure to name the right person as defendant therein, the plaintiff may bring a new action and the statute of limitations shall not be a bar thereto if service of process in the new action is made within one year after the termination of the original action. . . ."

[4] We note that the plaintiff first attempted service on Mitchell Properties, Inc., seven days before the statute of limitations ran. The parties do not dispute that under § 52-584, the statute of limitations period ended on March 31, 2011.

[5] The plaintiff sets forth a total of eight issues in his statement of the issues. Seven of these issues are iterations of the same basic claim: Whether § 52-593 applies to save the plaintiff's action? The remaining issue is cast as a claim invoking another saving statute, General Statutes § 52-292. This issue has not been briefed adequately, and thus, we will not address it. See, e.g., *Electrical Contractors, Inc.* v. *Dept. of Education*, 303 Conn. 402, 444, 35 A.3d 188 (2012).

Moreover, the plaintiff claims, without citation to legal authority, that by making "affirmative allegations" in his amended reply to the defendant's first special defense concerning the statute of limitations, the defendant was obligated to respond, and not having done so, the plaintiff's allegations must be admitted. We do not address this claim because it was raised for the first time in the plaintiff's reply brief. See, e.g., *State* v. *Richardson*, 291 Conn. 426, 431, 969 A.2d 166 (2009).

[6] "Where the trial court reaches a correct decision but on [alternate] grounds, this court has repeatedly sustained the trial court's action if proper grounds exist to support it. . . . [W]e . . . may affirm the court's judgment on a dispositive alternate ground for which there is support in the trial court record." (Citation omitted; internal quotation marks omitted.) *Hoskins* v. *Titan Value Equities Group, Inc.*, 252 Conn. 789, 794, 749 A.2d 1144 (2000). We do so here.

[7] In yet another effort to avoid the statute of limitations, the plaintiff additionally claims that his untimely amended complaint relates back to the original, timely filed complaint against Mitchell Properties, Inc. The plaintiff raises this claim without any mention of relevant authority. We thus do not address this claim, because we conclude that the plaintiff has failed to brief adequately the issue. "We are not obligated to consider issues that are not adequately briefed. . . . Whe[n] an issue is merely mentioned, but not

briefed beyond a bare assertion of the claim, it is deemed to have been waived. . . . In addition, mere conclusory assertions regarding a claim, with no mention of relevant authority and minimal or no citations from the record, will not suffice." (Internal quotation marks omitted.) *Kervick* v. *Silver Hill Hospital*, 309 Conn. 688, 719, 72 A.3d 1044 (2013).